UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 10-9452-DMG (CWx) | Date | January 11, 2012 |
|---|---|---|---|
| Title | *Okwuosa v. City of Los Angeles, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: [IN CHAMBERS] ORDER REGARDING PLAINTIFF'S BATTERY CLAIMS AND ORDER TO SHOW CAUSE WHY DEFENDANTS' ASSERTION OF CONTRIBUTORY NEGLIGENCE AS AN AFFIRMATIVE DEFENSE SHOULD NOT BE DISMISSED**

PLAINTIFF'S CLAIMS OF BATTERY

During the Pretrial Conference, plaintiff's counsel explained that plaintiff is asserting two claims for assault and battery, one pursuant to Calif. Gov. Code § 815.2 (alleged as plaintiff's third cause of action in her complaint) and one under the common law (alleged as plaintiff's fourth cause of action in her complaint). As a preliminary matter, the Court notes that § 815.2 provides for *respondeat superior* liability of a public entity for injury proximately caused by the acts of its employee acting within the scope of his employment. As such, it appears that plaintiff's third cause of action is a claim for battery by a peace officer.

As for plaintiff's fourth cause of action, counsel explains that it is a "fall back" position, in case defendants deny that Officer Fedynich was acting pursuant to custom or policy. Plaintiff points to paragraph 38 of the complaint to explain this distinction. However, paragraph 38 makes it clear that the claim is asserted to the extent defendants deny Officer Fedynich was not acting within the course and scope of employment. As such, it appears plaintiff's fourth cause of action attempts to assert a common law battery claim against Officer Fedynich as a private citizen and not as a peace officer. As alleged in paragraph 38 of plaintiff's complaint, "[t]his cause of action is brought against the individual defendants to the extent that COLA [County of Los Angeles] asserts that they were not working within their scope of employment with COLA, or that they were not acting under COLA's ordinances, regulations, policies, customs and usages." However, according to the proposed pretrial conference order lodged by defendants, the facts that are admitted and require no proof are: (1) Defendant Paul Fedynich is a police officer with the Los Angeles Police Department; and (2) at the time of the incident defendant Paul Fedynich was acting in the course and scope of his duties as a Los Angeles Police Department Officer. Thus, there is no indication that Defendant Feynich was acting as a private

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-9452-DMG (CWx)** | Date | January 11, 2012 |
| Title | *Okwuosa v. City of Los Angeles, et al.* | Page | 2 of 2 |

citizen rather than a police officer in this case. In order to state a claim for battery against a police officer, plaintiff must prove unreasonable force as an element of the tort. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998). Moreover, counsel's reliance on *Sparks v. City of Compton*, 64 Cal. App. 3d. 592, 598 n.7 (1976), is misplaced. *Sparks* is a negligence action holding that discretionary immunity will not shield defendants from liability for negligence in the implementation of a discretionary decision. Plaintiff asserts no claim for negligence in this action. Accordingly, IT IS ORDERED that plaintiff's fourth cause of action for common law battery is DISMISSED.

ORDER TO SHOW CAUSE WHY AFFIRMATIVE DEFENSE OF CONTRIBUTORY NEGLIGENCE SHOULD NOT BE DISMISSED

In their Memorandum of Contentions of Fact and Law, but not included in their proposed Pretrial Conference Order, is defendants' assertion of the affirmative defense of contributory negligence. However, plaintiff does not assert a negligence claim; she only asserts intentional tort claims. As contributory negligence (or comparative negligence) is not a defense to an intentional tort, defendants are ordered to show cause in writing by **January 18, 2012**, why defendants' affirmative defense of contributory negligence should not be dismissed.

IT IS SO ORDERED.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk VV |