UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA OKWUOSA,<br><br>　　Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; PAUL FEDYNICH,<br><br>　　Defendants. | CASE NO.: CV10-9452 DMG (CWx)<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>Trial Date: February 7, 2012<br>Time: 8:30 a.m. |

Following pretrial proceedings, pursuant to Rule 16, Fed. R. Civ. P. and L.R. 16, IT IS ORDERED:

1. <u>PARTIES</u>

The parties are: Plaintiff, VERONICA OKWUOSA, and Defendants CITY OF LOS ANGELES and PAUL FEDYNICH. Each of these parties has been served and has appeared. All Doe defendants are dismissed. The pleadings which raise the issues are:

1

A. Plaintiff's Complaint for Damages, which after the dismissal of the fourth cause of action for Common Law Assault and Battery by the Court on January 11, 2012, now has the following causes of action:

1. 42 U.S.C. § 1983 (Excessive Force),

2. 42 U.S.C. § 1983 (False Arrest),

3. Assault & Battery (Battery by a Peace Officer), and

4. False Imprisonment.

B. Answer of Defendants City of Los Angeles and Paul Fedynich, filed December 16, 2010.

2. **SUBJECT MATTER JURISDICTION**

Federal jurisdiction and venue are invoked upon the grounds of 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a). Pendent state claims are proper under *United Mine Workers v Gibbs*, 383 U.S. 715, 725 (1966).

3. **LENGTH OF TRIAL**

The trial will be no longer than four days for both phases of the trial. Both sides shall have 20 minutes for opening statements.

4. **JURY TRIAL**

The trial is to be a jury trial.

5. **ADMITTED FACTS**

The following are admitted facts and require no proof:

a. Defendant Paul Fedynich is a police officer with the Los Angeles Police Department.

     b.    At the time of the incident, defendant Paul Fedynich was acting in the course and scope of his duties as a Los Angeles Police Department Officer.

6. <u>STIPULATED FACTS</u>

Defendant City of Los Angeles will be liable if Defendant Paul Fedynich is found liable on any of Plaintiff's state claims.

7. <u>CLAIMS AND DEFENSES</u>

<u>Plaintiff</u>:

(a)   <u>Claims</u>

<u>PHASE ONE CLAIMS</u>  (Liability on the underlying incident)

    <u>Claim 1</u>    42 U.S.C. § 1983 (Excessive Force) against Paul Fedynich

    <u>Claim 2</u>    42 U.S.C. § 1983 (False Arrest) against Paul Fedynich

    <u>Claim 3</u>    Assault & Battery (Battery by Peace a Peace Officer) against Paul Fedynich and City of Los Angeles

    <u>Claim 4</u>    False Imprisonment against Paul Feynich and City of Los Angeles.

<u>PHASE TWO CLAIMS</u>:  (*Monell* and Punitive Damages, if needed)

    <u>Claim 5:</u>    *Monell* liability against the City of Los Angeles

(b)   <u>Elements Required to Establish Plaintiff's Claims</u>

    <u>Claim 1</u>    42 U.S.C. § 1983 (Excessive Force)

(1) Defendant Paul Fedynich acted under color of law; and (2) the acts of Paul Fedynich deprived the plaintiff of her Fourth Amendment right not to be subjected to unreasonable seizures of her person.  (Ninth Circuit Model Instruction 9.2 and supplemental case law.)

1	<u>Claim 2</u>	42 U.S.C. § 1983 (False Arrest)

2	(2)  Defendant Paul Fedynich acted under color of law; and (2) the acts of Paul Fedynich deprived plaintiff of her Fourth Amendment right not to be subjected to false arrest.  (Ninth Circuit Model Instruction 9.2 and supplemental case law.)

<u>Claim 3</u>	Assault and Battery (Battery by a Peace Officer)

(1) Defendant Paul Fedynich intentionally touched Plaintiff; (2) Paul Fedynich used unreasonable force to prevent plaintiff's flight from him; (3) Plaintiff did not consent to the force; (4) Plaintiff was harmed; and (5) Defendant's use of unreasonable force was a substantial factor in causing plaintiff's harm.  (CACI 1305.)

<u>Claim 4</u>	False Imprisonment

(1) Paul Fedynich intentionally deprived plaintiff of her freedom of movement by use of physical force or threats of force or menace; (2) the restraint or detention or confinement compelled plaintiff to stay somewhere for some appreciable time, however short; (3) Plaintiff did not knowingly or voluntarily consent; (4)  Plaintiff was actually harmed; and (5) Defendant Paul Fedynich's conduct was a substantial factor in causing of plaintiff's harm.  (CACI 1400.)

<u>Claim 5:</u>	*Monell* liability

(1) Defendant Paul Fedynich acted under color of law; (2) the acts of defendant deprived the plaintiff of her right to be free from unreasonable seizure and false arrest; and (3) defendant acted pursuant to an expressly adopted official policy or longstanding practice or custom of the defendant.  (Ninth Circuit Model Instruction 9.4 and supplemental case law.)

(c)	<u>Key evidence relied upon by Plaintiff to support her claims</u>

Plaintiff, Veronica Okwuosa, ("Okwuosa"), an African American woman, is a registered nurse.  On September 22, 2009, at about 5:30 p.m., in the parking lot of

4343 Crenshaw Boulevard, Los Angeles, the incident giving rise to this action arose between Plaintiff and Defendants. Plaintiff claims that Defendants caused her injuries as previously stated in her four claims before the Court.

On September 24, 2009, two days after the incident, Okwuosa lodged a complaint with the Los Angeles Police Department Internal Affairs. Okwuosa filed a Tort Claims Notice with the City of Los Angeles on February 11, 2011, and on May 5, 2010, the City denied the claim.

Plaintiff intends to prove her case and damages through the witnesses she identified in the Joint Witness List.

Defendants' Affirmative Defenses :

Failure to Mitigate Damages

Key Evidence relied upon by Defendants for this Affirmative Defense:

Defendants will cross-examine Plaintiff and her treating physician and experts. Defendants will also present testimony from Paul Fedynich, John Flores, and Darren Ehrenberg, who were present at the incident.

8.   REMAINING ISSUES

In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

    A.    Whether Defendant Paul Fedynich violated Plaintiff's Fourth Amendment right to be free from excessive force by a state actor;

    B.    Whether Defendant Paul Fedynich violated Plaintiff's Fourth Amendment right to be free from unreasonable seizure by a state actor;

    C.    Whether Defendant Paul Fedynich is liable for assault and battery (Battery

by a Peace Officer) on Plaintiff;

D. Whether Defendant Paul Fedynich is liable for false imprisonment;

E. Whether defendant City of Los Angeles is liable under *Monell* for the 42 U.S.C. § 1983 causes of action (Phase Two of the trial, if needed); and

F. Whether Plaintiff is entitled to damages and, if so, which damages (special, general, and punitive) are available and how much. Punitive Damages will be tried in Phase Two of the trial, if needed.

9. STATUS OF DISCOVERY

All discovery is complete.

10. PRE-TRIAL DISCLOSURES

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. In addition, the parties have filed a Joint Exhibit Stipulation and have agreed to the admission of all exhibits except the following:

- Plaintiff's Exhibit 5 – Medical Report and Statement of Account of Dr. Jatin C.Bhatt
- Plaintiff's Exhibit 19 – Expert Report of William Flynn
- Plaintiff's Exhibit 20 – Expert Report of E. Essien, Ph.D.

(The excepted exhibits are subject to admission based on the Court's ruling on Defendants' objections and Plaintiff's responses.)

11. WITNESSES

Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than

solely for impeachment).

12. LAW AND MOTION MATTERS

The Court has decided and ruled upon all motions *in limine*. [Doc. # 45]

13. BIFURCATION

The trial shall be bifurcated. Phase One of the trial shall be on liability as to the underlying incident and damages. Phase Two of the trial, if needed, shall be on issues of *Monell* liability and punitive damages.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

**IT IS SO ORDERED.**

DATED: January 18, 2012

_____
DOLLY M. GEE
United States District Judge

7

FINAL PRETRIAL CONFERENCE ORDER